IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL MENNELLA, § 
§ No. 61, 2023
Plaintiff Below, §
Appellant, § Court Below–Court of Chancery
§ of the State of Delaware
v. §
§ C.A. No. 2022-0179
THE HONORABLE ANTHONY J. §
ALBENCE, in his official capacity §
as State Election Commissioner, and §
STATE OF DELAWARE §
DEPARTMENT OF ELECTIONS, §
§
Defendants Below, §
Appellees. §

Submitted: February 20, 2023
Decided: February 23, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice of interlocutory appeal and its exhibits, it appears to the Court that:

(1) In 2022, the plaintiff below/appellant, Michael Mennella, filed a declaratory-judgment action against the Delaware State Election Commissioner and the Department of Elections (together, the "State") in the Court of Chancery. Mennella asked the Court of Chancery to declare that the statutes allowing early

voting[1] and the statute allowing permanent absentee-ballot status[2] violate the Delaware Constitution and to enjoin the State from enforcing them. The State moved to dismiss the complaint, arguing, among other things, that the Court of Chancery lacked subject-matter jurisdiction. On January 19, 2023, the Court of Chancery granted the State's motion and dismissed Mennella's complaint with leave to transfer to the Superior Court under 10 *Del. C.* § 1902 (the "Order").[3] In so doing, the Court of Chancery reasoned that a declaratory judgment is available at law and "a simple request for a follow-on injunction is insufficient to convey Chancery jurisdiction."[4]

(2) On January 30, 2023, Mennella asked the Court of Chancery to certify an interlocutory appeal from the Order under Supreme Court Rule 42. Mennella maintained that the Order decided a substantial issue of material importance—a threshold consideration under Rule 42—namely, the scope of Chancery jurisdiction. Mennella also argued that two of the Rule 42(b)(iii) factors weighed in favor of interlocutory review: (i) the Order conflicts with decisions of other Delaware trial courts (Factor B); and (ii) interlocutory review would serve the considerations of justice (Factor H). The State opposed the application.

---

[1] 15 *Del. C.* § 5402, *et seq.*
[2] 15 *Del. C.* § 5503(k).
[3] *Mennella v. Albence*, 2023 WL 309042 (Del. Ch. Jan. 19, 2023).
[4] *Id.* at *2.

(3) On June 16, 2022, the Court of Chancery denied the application for certification. The Court of Chancery first noted that Mennella's application rested upon an incorrect assertion that the Order held that a request for declaratory judgment is insufficient to confer Chancery jurisdiction unless exigent circumstances are pled. To the contrary, the Court of Chancery observed that the Order simply distinguished a recent Court of Chancery action, *Higgin v. Albence*,[5] which included a request for an expedited temporary restraining order that invoked the Court of Chancery's equitable jurisdiction, and the present matter, which did not. Moreover, the Court of Chancery found that the Order did not conflict with Delaware case law. The Court of Chancery also disagreed with Mennella's claim that certification of an interlocutory appeal would serve the considerations of justice, given that Mennella remains free to pursue his claims in the Superior Court. Finally, the Court of Chancery noted that the Order did not determine a substantial legal right because it did not address the merits of the underlying dispute. In sum, the court concluded that interlocutory review of the Order was not justified.

(4) We agree with the Chancery Court that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[6] In the exercise of its discretion and giving due weight

---

[5] 2022 WL 4239590 (Del. Ch. Sept. 14, 2022), *aff'd in part, rev'd in part*, *Albence v. Higgin*, 285 A.3d 840 (Del. 2022).
[6] Del. Supr. Ct. R. 42(d)(v).

3

to the Court of Chancery's analysis, the Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[7] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[8] Mennella remains free to pursue his claims in the Superior Court.[9]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[7] Del. Supr. Ct. R. 42(b)(ii).

[8] Del. Supr. Ct. R. 42(b)(iii).

[9] See 10 Del. C. § 1902 (providing in part, "No civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal. Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer, discharges all costs accrued in the first court, and makes the usual deposit for costs in the second court.").